NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JAMES CHRISTOPHER PATOW, Debtor, <br><br> ------------------------------ <br><br> RICHARD A. MARSHACK, Trustee, <br><br> Appellant, <br><br> v. <br><br> LINDA PATOW, as Trustee of the Alvin and Linda Patow 2006 Trust; JAMES CHRISTOPHER PATOW, <br><br> Appellees. | No. 21-60051 <br><br> BAP No. 20-1285 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Taylor, and Lafferty III, Bankruptcy Judges, Presiding

Argued and Submitted June 8, 2022
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Bankruptcy trustee Richard Marshack appeals the Bankruptcy Appellate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel's ("BAP") determination that debtor James Patow disclaimed his interest in a family trust when he signed a document waiving that interest. The parties' underlying dispute turns on whether James actually "transferred" his interest to his mother instead of disclaiming it, and therefore committed a fraudulent and voidable transfer under the Bankruptcy Code and California law. We have jurisdiction under 28 U.S.C. § 158(d) and affirm the BAP.

James Patow was a beneficiary of a trust ("Patow Trust") created by his parents Alvin and Linda Patow to efficiently transfer property when they died. When Alvin died in 2007, the Patow Trust provided that the trust estate would be divided into two separate trusts: a revocable trust for Linda ("Survivor's Trust") and an irrevocable trust meant for James and his sister Jennifer upon Linda's death ("Bypass Trust"). Seven years after Alvin's death, Linda determined that the Bypass Trust was no longer necessary for tax purposes, and wished to transfer all of the assets in the Bypass Trust to the Survivor's Trust. Although Linda believed she already had the authority to transfer the assets, out of an abundance of caution she asked James and Jennifer to sign an agreement waiving their interests in the Bypass Trust. After James filed for Chapter 7 bankruptcy, Marshack filed this adversary proceeding and argued that when James signed the agreement waiving his interest in the Bypass Trust, he committed a voidable fraudulent transfer because he "transferred" his interest to Linda, to the detriment of James's creditors.

2

We affirm the BAP because James disclaimed his interest in the Bypass Trust under California law when he waived "any and all rights that [he] may have [had] under the terms of the Trust." The California Probate Code states that a "disclaimer" is "any writing which declines, refuses, renounces, or disclaims any interest that would otherwise be taken by a beneficiary." Cal. Prob. Code § 265. A valid disclaimer must be in writing, signed by the disclaimant, identify the creator of the interest, describe the interest to be disclaimed, and state the disclaimer and the extent of the disclaimer. *Id.* § 278. Here, James satisfied all of the requirements for a disclaimer under California law: he signed a "writing" before a notary, the writing identified Alvin and Linda Patow as the creators of the interest, and he stated that he agreed to "hereby waive any and all rights that [he] may have under the terms of the Trust, including … [t]he right to receive the assets of [the] Bypass Trust upon the death of Linda E. Patow."[1] Interpreting the words as written, it is clear that James unilaterally renounced his interest in the Bypass Trust when he "waived" all of his rights in the Trust. Because James satisfied California's requirements for a valid disclaimer, signed a document disclaiming his interest in the Bypass Trust, and did

---

[1] The BAP correctly explained that the consent document James also signed (which was attached to the agreement as an exhibit) is consistent with his intention to waive his interest in the Bypass Trust because it merely evinces "a waiver of James's right to sue Linda for breach of trust" if she acted beyond her power as trustee.

3

not accept or transfer that interest before disclaiming it, we affirm the BAP.[2]

**AFFIRMED.**

---

[2] And even if James *had* failed to disclaim his interest in the Bypass Trust, he could not have transferred it to Linda, because the Patow Trust explicitly states James "may not sell, transfer, assign, alienate, encumber, hypothecate, or otherwise dispose of [his] interest in trust income or principal," but *could* disclaim it. We need not address Marshack's contention that Linda waived the argument that the spendthrift provision would have prevented any transfer by James because, even if waived, we would exercise our discretion to reach the argument because it is a pure question of law. *See United States v. Alisal Water Corp.*, 431 F.3d 643, 654 n.4 (9th Cir. 2005).